**Miles Dan POOLER, Plaintiff–Appellant,**

v.

**DEPARTMENT OF INTERIOR, FISH AND WILDLIFE SERVICE; Monty Holcomb, Area Regional Director, Law Enforcement, Region 4; Sam**

Hamilton, Regional Director, Region 4; R. Dale Hall, Deputy Director, Region 4; Bruce Babbitt, Defendants–Appellees.

No. 00–6012.

United States Court of Appeals,
Sixth Circuit.

Oct. 29, 2001.

Before JONES and CLAY, Circuit Judges; DOWD, District Judge.*

## *ORDER*

Miles Dan Pooler, proceeding through counsel, appeals a district court judgment dismissing his civil action filed pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The parties have waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pooler, a retired law enforcement officer, brought suit against the head of the Department of the Interior and several employees of the Fish and Wildlife Service because he had been denied an exemption from the mandatory retirement provision set forth at 5 U.S.C. § 8335. Specifically, Pooler asserted that: 1) the defendants violated his right to procedural due process by not forwarding his request for an exemption to the Office of Personnel Management; 2) the defendants violated his right to substantive due process because the defendants' decision not to forward his request was an "arbitrary imposition and purposeless restraint"; and 3) the defendants violated the ADEA by denying him the opportunity to present his case for an

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

exemption solely because of his age. Upon consideration of the defendants' motion and Pooler's response, the district court granted summary judgment in favor of the defendants.

In his timely appeal, Pooler reasserts his ADEA claim.

■ Initially, we note that Pooler does not reassert his first and second claims. Issues raised in the district court, but not on appeal are considered abandoned and are not reviewable. *Kocsis v. Multi–Care Mgmt.*, 97 F.3d 876, 881 (6th Cir.1996); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991). Thus, these claims will not be reviewed.

■ Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. *See* Fed.R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.*, 64 F.3d 1015, 1019 (6th Cir.1995). Section 8335(b) of Title Five of the United States Code establishes a mandatory retirement age for law enforcement officers and the possibility of a temporary extension from forced retirement. The statute provides in pertinent part:

> A law enforcement officer ... who is otherwise eligible for immediate retirement under section 8336(c) shall be separated from the service on the last day of the month in which that officer or courier, as the case may be, becomes 57 years of age or completes 20 years of service if then over that age. The head of the agency, when in his judgment the public interest so requires, may exempt such an employee from automatic separation under this subsection until that employee becomes 60 years of age.

5 U.S.C. § 8335(b). The 1978 amendments to the ADEA lifted many of the mandatory age requirements in federal employment, but specifically left certain statutory age limits untouched, including those laid out in § 8335(b). *Johnson v.*

*Mayor & City Council of Baltimore*, 472 U.S. 353, 357, 105 S.Ct. 2717, 86 L.Ed.2d 286 (1985). Thus, "mandatory retirement schemes approved by Congress for federal employees are not subject to the strict requirements of the ADEA." *Orzel v. City of Wauwatosa Fire Dep't*, 697 F.2d 743, 749 (7th Cir.1983). Accordingly, the ADEA did not prohibit the government from forcing Pooler to retire at 57 or from considering Pooler's age when deciding whether to grant Pooler an exemption from mandatory retirement.

For the reasons set forth above, the district court's judgment is affirmed.